DISCIPLINARY COUNSEL *v*. O'CONNOR.

[Cite as *Disciplinary Counsel v. O'Connor,* ___ Ohio St.3d ___,

2014-Ohio-5031.]

*Attorneys at law—Reciprocal discipline from the Supreme Court of Arizona—*
*Public reprimand and one year's probation—Gov.Bar R. V(11)(F)(4).*

(No. 2014-1696—Submitted November 12, 2014—Decided November 14, 2014.)

ON CERTIFIED ORDER of the Supreme Court of Arizona, Case No. 13-2120.

_____

{¶ 1} This cause is pending before the Supreme Court of Ohio in accordance with the reciprocal discipline provisions of Gov.Bar R. V(11)(F).

{¶ 2} On October 1, 2014, relator, disciplinary counsel, filed with this court a certified copy of an order of the Supreme Court of Arizona entered May 15, 2014, in *In re a Member of the State Bar of Arizona, Patricia A. O'Connor*, in Case No. 13-2120, in which it admonished respondent, placed her on probation for a period of one year with conditions, and ordered her to pay the costs associated with the proceedings. On October 9, 2014, this court ordered respondent to show cause why identical or comparable discipline should not be imposed in this state.

{¶ 3} On consideration thereof, it is ordered and adjudged by this court that, pursuant to Gov.Bar R. V(11)(F)(4), respondent, Patricia Ann O'Connor, Attorney Registration No. 0039433, last known business address in Chandler, Arizona, is publicly reprimanded, and this entry shall constitute the public reprimand. This public reprimand shall be considered as a factor that may justify an increase in the degree of discipline to be imposed for subsequent misconduct. It is further ordered that respondent complete a one-year period of probation that will be satisfied by respondent's compliance with the terms of her probation

ordered by the Supreme Court of Arizona. Respondent's probation will not be terminated until such time as respondent's probation is terminated in the state of Arizona.

**{¶ 4}** It is further ordered by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered by the court that if after the date of this order the Clients' Security Fund awards any amount against respondent pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of that award.

**{¶ 5}** It is further ordered that respondent may not apply for termination of probation in Ohio until (1) respondent complies with the requirements for termination of probation set forth in the Supreme Court Rules for the Government of the Bar of Ohio, (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio, (3) respondent files evidence with the clerk of this court and with disciplinary counsel demonstrating her termination of probation in Arizona, (4) respondent complies with this and all other orders issued by this court, and (5) this court orders respondent's probation terminated.

**{¶ 6}** It is further ordered that until such time as respondent fully complies with this order, respondent shall keep the clerk and disciplinary counsel advised of any change of address where respondent may receive communications.

**{¶ 7}** It is further ordered that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings. All case documents are subject to Sup.R. 44 through 47, which govern access to court records.

**{¶ 8}** It is further ordered that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified

2

mail to the most recent address respondent has given to the Office of Attorney Services.

{¶ 9} It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____